UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

# FIRST AMENDED CHAPTER 13 PLAN

CASE NO. **17-40578-CJP**

DEBTORS: **DANIEL J. AZZARITI**     SS #: **xxx-xx-1365**

SS #:

**TERM OF THE PLAN:     60     MONTHS**

(If the plan is longer than thirty-six (36) months, a statement of cause, pursuant to 11 U.S.C. § 1322(d) must be attached hereto)

**Effective Date of Plan:**     6/1/2017

**PLAN PAYMENT: Debtor(s) to pay monthly:     $1,670**

## I. SECURED CLAIMS:

**A. Claims to be Paid Through the Plan (Including Arrears):**

**(1) Arrears to be Paid Through the Plan**

Plan payments as follows:

| Mortgagee/ Lienor | Description of Claim | Amount of Arrears |
|---|---|---|
| Seterus | 1st Mortgage pre-petition Arrears | $39,359 |
| | **Total Arrears to be Paid:** | **$39,359** |

**(2) Claims Subject to Modification to be Paid Through Plan**

*The claims listed below are hereby modified pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2). To the extent the Claim Amount Listed below (and any and all successors and assigns of the holder of such claim) exceeds the equity value for the Claim, the amount of the claim in excess of the stated equity value of the Claim below shall be deemed and treated as a general unsecured claim under Class IV, below. The lien in the amount of the Equity Value of Claim shall remain on the Debtor's property until the Debtor's receipt of a Chapter 13 Discharge of Debts. Said lien shall be exonerated from title by the filing of a certified copy of the Order of Confirmation, including this Chapter 13 Plan, as may be amended hereafter, and the Chapter 13 Discharge of Debts with the applicable County Registry of Deeds.*

| Mortgagee/ Lienor | Claim Amount | Equity Value for Claim | Interest Rate | Amortiz. Period | Monthly P & I Pay't | Sum of P & I Pay't's |
|---|---|---|---|---|---|---|
| | | | | | | |

**N.B.** If the Amortization Period set forth above for any of the mortgages or liens requires a final "balloon payment", such payment shall be made in the manner set forth below:

☐ Refinancing
☐ Sale
☐ Other: _____

| Mortgagee/ Lienor | End Term Payment | Projected Loan-to-Value Ratio at Plan Conclusion |
|---|---|---|
| | | |

**(3) Wholly Unsecured Mortgage or Lien Claims Subject to Modification to be Paid as General Unsecured Claims Through Plan**

*The claims listed below are hereby modified pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2).*
*The Debtor(s) hereby assert(s) that the Mortgage and Lien Claims listed below (and any and all successors*
*and assigns of the listed holder of such claim) are wholly unsecured as there exists no equity value over and*
*above the mortgages and other liens that have natural priority in time on the property of the the Debtor so listed.*
*As a result of the foregoing, the Mortgages and Liens listed below shall be deemed and treated as wholly unsecured*
*claims and therefore included in Class IV below. Upon the Debtor'(s) successful completion of all plan payments*
*and the entry of the Order of Discharge, the Mortgages and Liens set forth below, whether now held by the*
*present Mortgage and Lien Claimant set forth below or any successor or assign thereof, by*
*the recording of this Chapter 13 Plan, the Order of Confirmation of this Plan and the Order of Discharge*
*with the Registry Office set forth below, shall be deemed and shall, by the recording of the aforementioned documents*
*be forever discharged and of no further force or effect.*

| Name of Original Mortgagee/ Lienor | Collateral for Mtg./Lien | Amount of Claim Deemed Unsecured | Gross Equity of Property | Sum of Prior Liens/Mtg.'s | Registry Office for Lien | Book and Page Num. of Lien |
|---|---|---|---|---|---|---|
| Ventus Properties, LLC | Real Estate at 65-67 Union Ave., Franklin, MA | $110,020 | $265,000 | $291,977 | Norfolk County Registry of Deeds | Bk. 22133/Pg. 1 |

**Total of Payments of Modified Secured Claims:** $0

**Total Amount of All Class I Secured Claims to be Paid Through the Plan:** $39,359

**B. Secured Claims to be Paid Directly to Creditors (Not through Plan):**

Each secured claim listed below shall be paid in full, outside the plan,
in accordance with the original terms of the contract underlying such claim.

| Mortgagee/ Lien Creditor | Description of Secured Claim | Is Debtor Current |
|---|---|---|
| Seterus | First Mortgage | N |

**II. PRIORITY UNSECURED CLAIMS:**

Claims entitled to priority under 11 U.S.C. §§ 507 and 1322(a)(2)

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| Internal Revenue Service | Taxes owed for Tax Years 2013-2016 | $36,450 |
| Mass. Dept. or Revenue | Taxes owed for Tax Year 2011-2016 | $12,804 |

**Total Amount of Class II Priority Claims to Be Paid Thorugh the Plan:** $49,254

**III. ADMINISTRATIVE CLAIMS:**

**A. Total Amount of Attorneys Fees (to be Paid Through the Plan):** $0
(to be paid during first 12 months of plan)

**B. Other Administrative Claims:**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
|  |  |  |

**C. Chapter 13 Trustee's Commission**

The Chapter 13 Trustee's fee is determined by order of the United States Attorney General.
The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.
In the event that the trustee's commission is less than 10%, the additional funds collected
by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

**Total Monthly Payment to Administrative Claim Holders:** $0

## IV. CLAIMS OF UNSECURED CREDITORS

### A. Treatment of Dischargeable Claims

General unsecured creditors shall receive a dividend of **1.00%** of their claims.

**(1) General Non-Priority Unsecured Claims**

Total Amount of General Unsecured Claims: **$43,284**

**(2) Unsecured Deficiency Claims from Class I(A)(2)**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |

Total Amount of Unsecured Deficiency Claims from Class III:

**(3) Wholly Unsecured Mortgage or Lien Claims from Class I(A)(3)**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| Ventus Properties, LLC | Wholly Unsecured 2nd Mtg. | $110,020 |

Total Amount of Unsecured Deficiency Claims from Class III: **$110,020**

**(3) Undersecured Claims Arising after Lien Avoidance**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |

Total Amount of Unsecured Avoided Lien Claims from Class V(B): **$0**

**(4) Undersecured Claims Arising after Surrender of Collateral**

| Creditor | Property to be Surrendered | Deficiency Claim Amount |
|---|---|---|
| | | |

Total Amount of Surrendered Property Claims from Class V(C): **$0**

**SUM OF ALL NON-PRIORITY UNSECURED CLAIMS:** **$153,304**

**TOTAL DIVIDEND TO BE PAID TO ALL CLASS IV(A) CREDITORS:** **$1,533**

### B. Treatment of Separately Classified Co-Obligated Debts under 11 U.S.C. 1322(b)(1)

The claims of creditors co-obligated with non-debtor parties seperately classified
and paid outside of the plan by the co-obligors pursuant to 11 U.S.C. 1322(b)(1)
in the same manner as they are presently being paid.

| Creditor | Co-Obligor Party | Description of Claim | Claim Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(2) Arrears to be Paid Through the Plan**

The following claims include an arrears that will be paid through the Plan
The Debtor(s) will continue to make their regular post-petition payments outside the Plan

| Creditor | Description of Claim | Claim Amount | Amount of Arrears |
|---|---|---|---|
| | | | |
| | | | |

**Total Arrears to be Paid:** **$0**

**TOTAL CLASS IV(B) CLAIMS TO BE PAID THROUGH THE PLAN:** **$0**

## V. OTHER PLAN PROVISIONS:

**A. Real Estate or Other Assets to be Liquidated:**   (attach additional information as exhibit.)

**B. Lien Avoidance:**   The liens of the following creditors are hereby avoided pursuant to and by operation of 11 U.S.C. § 522(f).

| Lien Creditor | Nature of Lien | Amount of Lien | Nature of Property | Exemption Impaired |
|---|---|---|---|---|
|  |  |  |  |  |

**C. Collateral to be Surrendered:**   The following property shall be surrendered to the secured creditor listed below pursuant to 11 U.S.C. § 1325(a)(5)(C). Any deficiency shall be treated as an unsecured claim under Class IV(D).

| Secured Creditor | Property to be Surrendered | Amount of Claim | Value of Property | Amount of Deficiency |
|---|---|---|---|---|
|  |  |  |  |  |

**D. Executory Contracts/Unexpired Leases:**   The Debtor hereby takes the following actions with respect to the contracts and leases set forth below pursuant to 11 U.S. §§ 365 and 1322(b)(7):

| Name of Contracting Party | Nature of Contract | Assume or Reject | Arrears | Months to Cure |
|---|---|---|---|---|
|  |  |  |  |  |

**Total Amount Needed to Cure Default in Lease/Executory Contract:**   $0.00

Name of Party to Whom Assumed Contract or Lease will be Assigned:

**E. Other Chapter 13 Plan Provisions:**

The property of the estate shall, 11 U.S.C. 1322(b)(9), vest in the Debtor(s) upon confirmation of this plan or at a later time unless otherwise provided below.

The following additional provisions, pursuant to 11 U.S.C. § 1322(b)(10), are hereby included in this Chapter 13 Plan. To the extent that any provision set forth below conflicts with a prior provision, the following language will control:

## VI. CHANGES FROM PREVIOUSLY CONFIRMED CHAPTER 13 PLAN

The following changes have been made from the Debtor's previously confirmed Chapter 13 Plan:

**A. Class I Secured Debt:**

**B. Class II Priority Debt:**

**C. Class III Adminstrative Expenses:**

**D. Class IV Unsecured Debt:**

**E. Change in Plan Term from** _____60_ **months to** _____60_ **months.**

**F. Change in Monthly Plan Payment from:** _____ **to** _____ .

**G. Changes to Miscellaneous Provisions of Plan:**

## VI. CALCULATION OF PLAN PAYMENT

a. Class I Secured Claims (Class I(A) Total): $39,359
b. Class II Priority Claims (Class II Total): $49,254
c. Class III Administrative Claims (Classes III(A) and (B) Only): $0
d. Class IV(A) Unsecured Claim Total Dividend: $1,533
e. Class IV(B) Unsecured Non-Dischargeable Arrears Claims: $0
f. Class V(D) Executory Contract/Lease Arrears Claims: $0
g. Sum of All Claims to be paid through Plan: $90,147
h. Trustee's Commission: $10,016
   (Equal to 10% of Total Cost of Plan)
i. Total Cost of Plan: $100,163
   (This amount represents the total to be paid into the Chapter 13 Plan)
j. Amount Paid to Date into Plan: $1,610
k. Amount Remaining to be Paid under Modified Chapter 13 Plan: **$98,553**
l. Remaining Term of Plan (not to exceed 60 months): **59** Months
m. Monthly Payment to Chapter 13 Trustee: **$1,670**
   (Total Remaining Cost of Plan Divided by Remaining Plan Term)
   (Enter this Amount on Page 1 of Plan)

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court Orders otherwise, a Debtor shall commence making payments proposed by a plan within thirty (30) days after a Plan is filed.

## LIQUIDATION ANALYSIS

**I. Real Estate (located at):**

| Address | Collateral Value | Liens | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 65-67 Union St. Franklin, MA | $265,000 | $291,977 | $500,000 | $0 |
|  |  | $110,020 |  |  |

Net Value of Equity: **$0**

Basis of Exemption: Mass. Gen. Laws Ch. 188, § 1, et seq.
(if homestead exemption, date of recordation: Recorded 3/30/2017 at 9:00 am )
Value of Real Estate determined by reference to: Broker's Price Opinion dated April 18, 2017

**II. Automobile (describe year, make and model):**

| | Value | Liens | Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 2004 Honda Accord | $1,500.00 | $0.00 | $1,500.00 | $0 |
| B. | | | | |

Net Value of Equity: **$0**

Basis of Exemption: Mass. Gen. Laws Ch. 235, § 34(16)
Value of Automobiles determined by: Debtor's Opinion of Value

**III. Household Goods, Electronics and Wearing Apparel:**

| Value | Exemption |
|---|---|
| $17,125.00 | $17,125.00 |

Net Value of Equity: **$0**

Basis of Exemption: Mass. Gen. Laws Ch. 235, § 34 (1), (2) and (17)
Value of Household Goods determined by: Debtor's Opinion of Value

**IV. Other Assets**

| | Value | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|
| A. Cash on hand and Bank Accounts | $12,092 | $8,950 | $3,142 |
| B. Wedding rings | $1,500 | $1,500 | $0 |
| C. Dog | $500 | $500 | $0 |
| D. Roth IRA | $4,307 | $4,307 | $0 |

Net Value of Equity: **$3,142**

Basis of Exemption: A: M.G.L. Ch. 235, § 34(15) and (17) and Ch. 246, § 28A; B: M.G.L. Ch. 235, § 34(17) and (18); C: M.G.L. Ch. 235, § 34(17); D: 11 U.S.C. § 522(b)(3)(C)

Value of Items determined by: Debtor's Opinion of Value

| | |
|---|---|
| **Total Liquidation Value of Bankruptcy Estate:** ========================> | **$0** |
| Total Amount of Priority Debt Scheduled | **$49,254** |
| Projected Chapter 7 Trustee Commision in the Event of Conversion to Ch. 7 | **$786** |
| Projected Other Costs of Administration in the Event of Conversion to Ch. 7 | **$0** |
| Net Amount available for Distribution in the event of conversion to Ch. 7 | **$0** |
| Based upon these exemptions, unsecured creditors would receive a dividend of: | **0.00%** |

upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service with the court accordingly.

**STATEMENT OF CAUSE PURSUANT TO 11 U.S.C. § 1322(d)**

To the extent that the term of the foregoing Chapter 13 Plan exceeds thirty-six (36) months, the Debtor(s) hereby provide the following basis of "cause" therefor:

In order to assure the feasibility of the foregoing Chapter 13 Plan, extension of the plan term beyond three years is necessary.

| | |
|---|---|
| */s/ Richard N. Gottlieb, Esq.* | 5/15/2017 |
| Richard N. Gottlieb, Esq., Debtor's Counsel | Date |

Law Offices of Richard N. Gottlieb
Eleven Beacon Street, Suite 325
Boston, MA 02109
(617) 742-4491

**I/WE DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREGOIN REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY/OUR KNOWLEDGE AND BELIEF.**

| | |
|---|---|
| */s/ Daniel J. Azzariti* | 5/15/2017 |
| Debtor | Date |
| | |
| Co-Debtor | Date |